*FILED ELECTRONICALLY*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| MITSUI O.S.K. LINES LTD., | ) | Case No.:  5:20-cv-00495-KKC |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XCOAL ENERGY & RESOURCES | ) | |
| | ) | |
| Defendant | ) | |

**MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**APPLICATION FOR ISSUANCE OF A WRIT OF MARITIME ATTACHMENT**

Plaintiff, Mitsui O.S.K. Lines Ltd. ("Plaintiff"), through its counsel, Casey C. Stansbury

of Freeman Mathis & Gary, LLP, submits this Memorandum of Law in Support of its Application

for Issuance of a Writ of Maritime Attachment.  Plaintiff has satisfied all of the requirements

necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for

Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule B").

Supplemental Rule B provides, in pertinent part, as follows:

> If a defendant is not found within the district when a verified
> complaint praying for attachment and the affidavit required by Rule
> B(1)(b) are filed, a verified complaint may contain a prayer for
> process to attach the defendant's tangible or intangible personal
> property--up to the amount sued for--in the hands of garnishees
> named in the process.

Fed. R. Civ. P. Supp. R. B(1)(a).

There are two purposes underlying maritime attachments.  First, attachment provides a

means to assure satisfaction if a suit is successful.  The second purpose is "to insure a defendant's

appearance in an action, an aspect of attachment inextricably linked to a plaintiffs' substantive right to recover." *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 48 (2d Cir. 1996).

Under Supplemental Rule B, "an order of maritime attachment must issue upon a minimal prima facie showing," that the defendant cannot be "found within" the federal district in which the assets are to be attached. *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, 05 Civ. 10146 (SHS), 2006 WL 1643110, at *3 (S.D.N.Y. June 13, 2006) (citing Fed. R. Civ. P. Supp. R. B advisory committee's 1985 note ("The . . . order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.")).  To obtain an order of attachment, "the plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district."  Fed. R. Civ. P. Supp. R. B(1)(b).  Attached hereto as **Exhibit 1** is the Plaintiff's affidavit which satisfies this requirement.

The Supplemental Admiralty Rules governing maritime attachment are not intended to resolve the dispute between the parties at the attachment stage, rather only the requirements of the Rule need to be met.  *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006) (overruled on other grounds).

Courts consistently note the same four requirements for a Rule B claim. The Plaintiff must show that:

1)     it has a valid prima facie admiralty claim against the defendant;

2)     the defendant cannot be found within the district;

3)     the defendant's property may be found within the district; and

4)      there is no statutory or maritime law bar to the attachment.

*Ash v. Royal Caribbean Cruises Ltd.*, No. 13-20619, 2014 WL 2480612, *10-11 (S.D. Fla. June 3, 2014) (Goodman, U.S.M.J.) (citing *Williamson v. Recovery Ltd. P'ship.*, 542 F.3d 43, 51 (2d Cir. 2008)).

As to the first requirement, it is well established that charter parties are maritime contracts which courts sitting in admiralty can enforce. *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926); *J. B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 615 (5th Cir. 1956) ("a charter party is a maritime contract and that as between the parties to it the Federal District Courts sitting in admiralty have jurisdiction to determine obligations arising from it."). It is well settled that cases involving marine contracts give rise to admiralty jurisdiction. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004)). As alleged in more detail in the Verified Complaint, this case arises out of a breach of a charter party between Plaintiff and Defendant. As such, admiralty jurisdiction exists.

The Affidavit in Support of the Attachment and the Verified Complaint establish the second and third requirements necessary to obtain a Rule B attachment. In order to be found within the district, the defendant must be subject to personal jurisdiction within the district and amenable to service of process there. *Seawind Compania S.A. v. Crescent Line, Inc.,* 320 F.2d 580, 582 (2d Cir. 1963). Accord., *Navieros Inter-Americanos S.A. v. M/V VASILIA EXPRESS,* 120 F.3d 304, 315 (1st Cir. 1997); *Heidmar Inc. v. Anomina Ravennate di Armamento SpA of Ravenna,* 132 F.3d 264, 268 (5th Cir. 1998). As the accompanying declaration shows, the Defendant, or their agent(s) cannot be "found" within this judicial district. As to the third requirement, property and/or assets due and owing to the Defendant is believed to be held in the hands of PEACHTREE RIDGE

MINING CO. INC., or any applicable variant of Peachtree Ridge Mining Co. Inc. which may hold property due and owing to the Defendant.  Peachtree Ridge Mining has a place business within this Judicial District in Lexington, KY.  There are no statutory or maritime law bars to this attachment.

The court will not engage in a fact intensive inquiry regarding the technical requirements of Rule B at the attachment stage.  *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006).  A defendant does not have the opportunity to challenge the sufficiency of the plaintiff's pleadings or challenge the evidence supporting plaintiff's admiralty claim at the attachment stage.  A defendant may, if it wishes, raise such issues by way of a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary judgment but it may not do so in the context of an emergency hearing pursuant to Supplemental Rule E(4)(f).  *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 531 (S.D.N.Y. 2006) (refusing to apply the higher pleading standard used in a motion to dismiss in a post-attachment hearing "lest Rule 12(b)(6) be completely subsumed by Supplemental Rule E(4)(f)").

Plaintiff has provided herewith as **Exhibits 2 and 3**, respectively, a draft proposed order granting a maritime attachment and a draft proposed writ of maritime attachment and garnishment.

## <u>CONCLUSION</u>

Plaintiff has alleged a prima facie maritime claim for breach of a charter party.  Defendant cannot be found within the district within the meaning of Supplemental Admiralty Rule B.  Defendant's property may be found in the hands of third-party garnishee(s) who have a place of business in this district.  Without an order of maritime attachment from this Court, Plaintiff may lose its chance of obtaining security for its claim against the Defendant.

Dated:  December 11, 2020

<div style="margin-left: 50%;">

Respectfully submitted,

FREEMAN, MATHIS & GARY LLP

*/s/ Casey C. Stansbury*
Casey C. Stansbury
2525 Harrodsburg Rd Suite 500
Lexington, KY 40504-3359
Tel:     859-410-7868
*CStansbury*@fmglaw.com
Counsel for Plaintiff

</div>